UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL A. HERT,

      Plaintiff,

v.                                                  Case No. 2011-CV-469

AURORA HEALTH CARE INCORPORATED,
JENNIFER WALTERS,
KATHLEEN RONDEAU,
GWEN BAUMEL, and
JOHN and JANE DOE,

      Defendants.

---

## AURORA HEALTH CARE, INC.'S ANSWER TO COMPLAINT

---

Defendant, Aurora Health Care, Inc., by its attorneys Quarles & Brady LLP, answers the complaint as follows:

### I.    PARTIES AND JURISDICTION

1.1    Plaintiff, MICHAEL A. HERT ("Mr. Hert) resided within the Eastern District of Wisconsin at all times pertinent hereto.

ANSWER:    Admits.

1.2    Defendant AURORA HEALTH CARE INCORPORATED ("AURORA HEALTH CARE") is a corporation formed under the laws of the State of Wisconsin, licensed and doing business in the State of Wisconsin.

ANSWER:    Admits.

1.3    For the purposes of 38 U.S.C. § 4303(4), Defendant AURORA HEALTH CARE is a private employer operating within the State of Wisconsin.

ANSWER:    Admits.

1.4     Defendant JENNIFER WALTERS is an agent of the Defendant AURORA HEALTH CARE and is named in her representative capacity. Her acts are imputed to the Defendant AURORA. HEALTH CARE. Upon information and belief JENNIFER WALTERS lives within this judicial district.

ANSWER:    Admits that Aurora employs Jennifer Walters within this judicial district and that Plaintiff intends to name Ms. Walters in her representative capacity and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.4.

1.5     Defendant KATHLEEN RONDEAU is an agent of the Defendant AURORA HEALTH CARE and is named in her representative capacity. Her acts are imputed to the Defendant AURORA HEALTH CARE. Upon information and belief KATHLEEN RONDEAU lives within this judicial district.

ANSWER:    Admits that Aurora employs Kathleen Rondeau within this judicial district and that Plaintiff intends to name Ms. Rondeau in her representative capacity and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.5.

1.6     Defendant GWEN BAUMEL is an agent of the Defendant AURORA HEALTH CARE and is named in her representative capacity. Her acts are imputed to the Defendant AURORA HEALTH CARE. Upon information and belief GWEN BAUMEL lives within this judicial district.

ANSWER:    Admits that Aurora employs Gwen Baumel within this judicial district and that Plaintiff intends to name Ms. Baumel in her representative capacity and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.6.

1.7     Upon information and belief, Defendants JOHN or JANE DOE, are or were employed by Defendant AURORA HEALTH CARE, acting as agents of the same, and are named in their representative capacities. Their acts are imputed to the Defendant AURORA HEALTH CARE.

ANSWER:    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.7.

1.8   All acts complained of occurred within the Eastern District of Wisconsin.

ANSWER:   Denies that "all acts complained of" occurred and otherwise admits.

1.9   The Federal Court for the Eastern District of Wisconsin has personal jurisdiction over the parties, and subject matter jurisdiction for the claims in this complaint pursuant to 38 U.S.C. § 4323(b) and 28 U.S.C. 1331.

ANSWER:   Admits.

1.10   Venue is proper in the Federal Court for the Eastern District of Wisconsin under 38 U. S.C. § 4323(c) and 28 U. S C § 1391(b), the Defendants exercise authority, acting as private employers and agents of a private employer, AURORA HEALTH CARE, within this judicial district.

ANSWER:   Admits as to Defendant, Aurora.

## II. FACTS

2.1   Plaintiff re-alleges paragraphs 1.1 through 1.10.

ANSWER:   Realleges the answers to paragraphs 1.1 - 1.10 above.

2.2   Mr. Hert is a twenty-seven (27) year veteran of the United States Army and Reserve. His service includes deployments in support of Operation Iraqi Freedom in 2004 and 2008; and Enduring Freedom in 2009 to 2010. He continues to serve as a Lieutenant Colonel in the Army Reserve and is periodically called to active duty.

ANSWER:   Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.2.

2.3   Mr. Hert worked for Defendant AURORA HEALTH CARE between June 2000 and January 2010.

ANSWER:   Denies and affirmatively states that Mr. Hert last actively worked as an Aurora employee in January 2011.

2.4   In October 2009, Mr. Hert was a Physician Relations Consultant at the AURORA HEALTH CARE facility in Oshkosh, Wisconsin. His work responsibilities included business development and potential line development.

-3-

Case 1:11-cv-00469-WCG   Filed 06/21/11   Page 3 of 8   Document 6

ANSWER: Lacks knowledge or information sufficient to form a belief as to what is meant by "line development," affirmatively states that Mr. Hert's responsibilities included service line development, and otherwise admits.

2.5 He reported directly to JENNIFER WALTERS.

ANSWER: Admits.

2.6. On 14 October 2009, Mr. Hert gave JENNIFER WALTERS and AURORA HEALTH CARE advance notice that he was to receive orders to active duty in the United States Army.

ANSWER: Admits.

2.7 On 3 November 2009, Mr. Hert received orders to active duty in the United States Army. He served on active duty until 2 December 2010.

ANSWER: Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.7 and affirmatively states that Mr. Hert took a leave of absence for military duty from November 9, 2009 until December 2, 2010.

2.8 During Mr. Hert's deployment, AURORA HEALTH CARE hired a new employee to replace Mr. Hert's position.

ANSWER: Denies.

2.9 Mr. Hert's records for discharge from active duty reflect honorable service to the United States, including a combat action badge, bronze star and meritorious service medal.

ANSWER: Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.9.

2.10 The applicable service periods for Mr. Hert in the uniformed service do not exceed 5 years.

ANSWER: Lacks knowledge or information sufficient to form a belief as the allegations of paragraph 2.10.

QB\13500865.2

2.11     On 8 September 2010, before Mr. Hert's return from deployment, Mr. Hert applied for re-employment at AURORA HEALTH CARE.

ANSWER:    Denies.

2.12    Mr. Hert returned to work at AURORA HEALTH CARE on 3 December 2010.

ANSWER:    Admits.

2.13    Rather than re-employ Mr. Hert as required by federal statute, Defendants JENNIFER WALTERS and KATHLEEN RONDEAU placed Mr. Hert in performance monitoring as a new employee.

ANSWER:    Denies.

2.14    AURORA HEALTH CARE was on notice that its actions violated Mr. Hert's rights under the provisions of the USERRA.

ANSWER:    Denies.

2.15    Mr. Hert was required to report to a JENNIFER WALTERS and KATHLEEN RONDEAU on a weekly basis to review his performance.

ANSWER:    Admits.

2.16    Defendants, JENNIFER WALTERS and KATHLEEN RONDEAU treated Mr. Hert as a new hire, assigned Mr. Hert with a new work, directed his work; assigned him tasks, and set his priorities of his work.

ANSWER:    Denies that Ms. Walters and Ms. Rondeau treated Mr. Hert as a new hire, lacks knowledge or information sufficient to form a belief as to what is meant by "a new work," and otherwise admits.

2.17    Mr. Hert retained his former title, but was placed in a lower status than a far junior employee who was hired to replace him, a position significantly inferior to the status, roles, responsibility and opportunities he enjoyed prior to deployment.

ANSWER:    Denies.

2.18    Upon information and belief AURORA HEALTH CARE failed to give Mr. Hert notice of his right to make contributions to his retirement for the period of his military absence.

ANSWER: Denies.

2.19 AURORA HEALTH CARE was on notice that its actions violated Mr. Hert's rights under the provisions of the USERRA.

ANSWER: Denies.

2.20 On 5 January 2010, Mr. Hert gave JENNIFER WALTERS and AURORA HEALTH CARE notice that he was to receive orders for active duty for twelve days in February 2010 and Mr. Hert requested military leave for that period of time.

ANSWER: Denies.

2.21 On 20 January 2010, KATHLEEN RONDEAU, GWEN BAUMEL and AURORA HEALTH CARE terminated Mr. Hert's employment.

ANSWER: Denies, and affirmatively states that on January 20, 2011, Ms. Baumel and Ms. Rondeau informed Mr. Hert of the elimination of his current position.

2.22 AURORA HEALTH CARE was on notice that its actions violated Mr. Hert's rights under the provisions of the USERRA.

ANSWER: Denies.

2.23 Each of the Defendants, AURORA HEALTH CARE INCORPORATED; JENNIFER WALTERS; KATHLEEN RONDEAU; GWEN BAUMEL; AND JOHN AND JANE DOE, controlled Mr. Hert's employment opportunities by exercising authority delegated to them from AURORA HEALTH CARE as directors and managers for the performance of employment-related responsibilities.

ANSWER: Denies.

2.24 Following the termination of Mr. Hert's employment, AURORA HEALTH CARE gave Mr. Hert a performance bonus for his work in 2009.

ANSWER: Admits Aurora gave Mr. Hert a performance bonus for his work in 2009 and otherwise denies.

2.25 Following the termination of Mr. Hert's employment, other far junior employees who were hired to replace Mr. Hert remain in positions of employment at AURORA HEALTH CARE.

ANSWER: Denies.

## III. FEDERAL CAUSES OF ACTION

3.1  Plaintiff re-alleges paragraphs 2.1 through 2.24.

ANSWER:  Realleges the answers to paragraphs 2.1 - 2.24 above.

3.2  Defendants violated Mr. Hert's rights as guaranteed by the USERRA, 38 U.S.C. §§ 4301 to 4335, including but not limited to: 38 U.S.C. § 4311 discrimination and retaliation in employment; 38 U.S.C. §§ 4312, 4313 reemployment rights; § 4316, and 20 C.F.R. § 1002.247, rights and benefits of persons absent from employment for service in the armed forces; and § 4318, and 20 C.F.R. § 1002.262(a), employee pension and benefit plans.

ANSWER:  Denies.

3.3  Defendants violated 38 U.S.C. § 4311 of USERRA, among other ways, by discriminating against Mr. Hert: (a) when Defendants denied him employment benefits because of his membership, service, or obligation to perform service in the uniformed service; and (b) terminating his employment because of obligations to military service.

ANSWER:  Denies.

3.4  Defendants violated 38 U.S.C. §§ 4312, 4313, among other ways, by failing to reemploy Mr. Hert in a position of seniority with other rights and benefits determined by seniority plus the additional seniority and rights and benefits that Mr. Hert would have attained had he remained continuously employed.

ANSWER:  Denies.

3.5  Defendants violated 38 U.S.C. § 4316, among other ways, by discharging Mr. Hert without reasonable cause within one year after the date of reemployment following a period of service in the uniformed services.

ANSWER:  Denies.

3.6  Defendants violated 38 U.S.C. § 4318, among other ways, by denying Mr. Hert the right to make contributions to a retirement plan and by failing to give timely and adequate notice to the plan administrator as required under the USERRA.

ANSWER:  Denies.

3.7  The Defendants either knew or showed reckless disregard for whether their conduct was prohibited under the provisions of USERRA, and their conduct was willful as defined by § 4323(d), 20 C.F.R. § 1002.312(c), because Defendants had notice that their intended actions were violations of the law, and they carried out their illegal conduct with knowledge and responsibility.

-7-

ANSWER: Denies.

3.8  To the extent that Defendants allege application of any agreement which constitutes any limitation on Mr. Hert's rights under USERRA, it is illegal, null and void, inapplicable and of no force or effect pursuant to 38 U.S.C. § 4302.

ANSWER: Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.8.

## AFFIRIMATIVE DEFENSES

4.1  The complaint fails to state a claim upon which relief may be granted.

4.2  Plaintiff failed to mitigate his damages.

Dated: June 21, 2011.

s/Mary Pat Ninneman
State Bar No. 1016956
QUARLES & BRADY LLP
411 East Wisconsin Avenue
Suite 2040
Milwaukee WI 53202-4497
Email: mary.pat.ninneman@quarles.com
Telephone: (414) 277-5153

Attorneys for Defendants