UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

MICHAEL HERT,

    Plaintiff,

v.                                   Case No. 11-CV-469

AURORA HEALTH CARE,

    Defendant.

## JOINT 26(F) CONFERENCE REPORT

George C. Aucoin, one of the attorneys for Plaintiff, Michael A. Hert ("Hert"), and Quarles & Brady, LLP, by Mary Pat Ninneman and Nick Anderson, attorneys for Aurora Health Care, Inc., ("Aurora") conferred by telephone on December 16, 2011, pursuant to the Court's November 21, 2011 Notice of Rule 16(b) Telephone Scheduling Conference, and submit the following joint report in anticipation of the Court's Rule 16(b) scheduling conference set for **January 6, 2012 at 9:00 a.m.** Thomas G. Jarrard, another of Hert's attorneys will appear at the Rule 16(b) conference by phone at (425) 239-7290. Mary Pat Ninneman and Nick Anderson can be reached at (414) 277-5153.

    **I.**   **Statement of the Nature of the Case:** Plaintiff, Michael A. Hert, avers that his former employer, Aurora Health Care, Inc., the defendant, terminated his employment, without cause, violating 38 U.S.C. §§ 4311, 4312, 4313, 4316, 4318 and 4323 following his return from active duty with the United States Army. The Defendant, Aurora Health Care, Inc., denies Plaintiff's claims and has asserted affirmative defenses.

1

**II. Possibility of Prompt Resolution or Settlement:** The parties are willing to engage in mediation with a federal magistrate judge in an effort to resolve this lawsuit.

**III. Amending Pleadings:** The parties do not contemplate joining other parties or amending their pleadings at this time, however, any such amendments must be filed by January 31, 2012.

**IV. Dispositive Motions:** Both parties anticipate filing dispositive motions, on or before September 30, 2012, in compliance with Fed. R.Civ.P. 56, Civil L.R. 7, and Civil L.R. 56.

**V. Discovery Plan and Schedule:** The parties submit the following proposed discovery plan and schedule in accordance with Fed.R.Civ.P. Rule 26(f)(3) (A) – (F).

**A. Rule 26 (a) Disclosures:**

**i**. **Initial disclosures.** The parties agree to exchange initial disclosures on or before December 30, 2011. The parties do not seek any changes in the timing, form, or requirement for disclosures under Rule 26(a).

**ii. Disclosure of expert testimony**. Plaintiff intends to use an expert in economics as a witness at trial and Defendant may use expert witnesses at trial if needed to rebut Plaintiff's proposed expert testimony. The parties agree to the requirements for disclosure of expert testimony as set forth in Rule 26(a)(2)(B) and Civil L.R. 26, but the parties cannot agree as to the timing of expert witness disclosure. Plaintiff proposes simultaneous disclosures of expert witnesses and their reports on a date set by the Court, followed by exchange of rebuttal reports thirty days later. Defendant proposes a staggered disclosure of expert witnesses and their reports, with Plaintiff disclosing his expert witnesses and reports first, followed by Defendant's disclosure of its expert witnesses and reports sixty (60) days later. Defendant desires no rebuttal report date.

B. **Subjects and Completion of Discovery**:

i. **Subjects on which discovery may be needed.** The parties agree that the subjects of discovery may include the facts and circumstances surrounding the employment and termination of Michael Hert; the nature and extent of Michael Hert's damages, including any alleged economic or non-economic harm; Michael Hert's efforts to mitigate his damages; and any facts related to or issues that may arise concerning liability, defenses, and damages. The parties anticipate that discovery may include written interrogatories, requests for the production of documents, requests for admissions, and depositions of lay witnesses and expert witnesses.

ii. **Time to complete discovery.** The parties agree that all discovery of fact witnesses shall be completed by August 31, 2012. The parties have agreed that Plaintiff will be available within the jurisdiction of this Court for a deposition noticed by the Defendant any time after May 1, 2012 until the close of discovery. The parties have agreed that there is no need to conduct discovery in phases. Defendant proposes that the Plaintiff disclose any experts and provide reports by June 1, 2012, and that the Defendant disclose any experts and provide reports by Monday, August 1, 2012. Plaintiff objects to this proposal for the reasons stated in IV. A. ii, above.

C. **Disclosure of Discovery of ESI:**

Both parties anticipate requesting the production of electronically stored information. Following the December 16 Rule 26(f) conference, on December 22, 2011, the parties conferred by phone regarding the production of electronically stored information. Plaintiff's counsel, Thomas Jarrard, Defendant's counsel, Mary Pat Ninneman and Nick Anderson, and Defendant's Director of Human Resources, Dawn

3

Faucett and Information Technology specialist, Jason Michels, participated in the conference. The parties discussed the reasonable accessibility of electronically stored information and the burdens and expense of discovery of electronically stored information; the format (Plaintiff requests native format) and media for the production of electronically stored information; and measures taken to preserve potentially discoverable electronically stored information from alteration or destruction. The parties request that the Court issue an order with regard to the discovery protocol for electronically stored information, to be proposed by the parties, if it meets court approval.

**D. Procedures Regarding Claims of Privilege and Work Product Protection:**

The parties will discuss, and anticipate that they will agree upon, the procedures for asserting post-production claims of privilege or of protection as trial-preparation material. The parties request that the Court issue an order with regard to such an agreement, to be proposed by the parties, if it meets Court approval, such an agreement to include a requirement that the parties preserve and record in a privilege log any claims of privilege or of protection of trial-preparation materials. Plaintiff requests that any claims of privilege or of protection by the defendant of trial-preparation materials be preserved and recorded in a privilege log and subject to *in camera* review by the Court, if properly requested. Plaintiff requests the Court to include the requirement for privilege log and *in camera* review of logged privileged materials in its Case Management Order.

4

QB\15464342.1 Case 1:11-cv-00469-WCG   Filed 12/28/11   Page 4 of 5   Document 17

### E. Limitations on Discovery:

The parties do not propose any changes to the limitations on discovery which are set forth by the Federal Rules or by the Local Rules.

Dated: December 28, 2011.                                    Dated: December 28, 2011.


s/ Thomas G. Jarrard                           s/ Nicholas O. Anderson
THOMAS G. JARRARD                              MARY PAT NINNEMAN
Washington State Bar No. 39744                 Wisconsin State Bar No. 1016956
Law Offices of Thomas G. Jarrard               NICHOLAS O. ANDERSON
1020 North Washington Street                   Wisconsin State Bar No. 1072302
Spokane, WA 99203                              QUARLES & BRADY LLP
Email:    tjarrard@att.net                     411 East Wisconsin Avenue
Telephone: (425) 239-7290                      Suite 2040
                                               Milwaukee, WI 53202-4497
                                               Email:    mary.pat.ninneman@quarles.com
*Attorney for Plaintiff*                                 nicholas.anderson@quarles.com
                                               Telephone: (414) 277-5153

                                               *Attorneys for Defendant*